UNITED STATES COURT OF FEDERAL CLAIMS

ANYA GAYLE, on her own behalf and
others similarly situated,

v.

CASE NO.: 08-18C
(Judge Lettow)

UNITED STATES OF AMERICA,

**CLASS/COLLECTIVE ACTION**

Defendant.
______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGMENT OF TIME TO RESPOND TO COMPLAINT**

As a threshold matter, Plaintiff's counsel almost always accommodates the schedule of opposing counsel ***unless*** providing such an accommodation would prejudice the rights of Plaintiff or putative class members. In the instant matter, Defendant's request for a sixty (60) day enlargement is excessive on its face. Defendant's request in its instant motion must be taken in context. This Court has already granted Defendant a sixty (60) day extension (over Plaintiff's objection). If the Court were to grant Defendant's instant request, in essence four (4) full months of the Statute of Limitations will have expired for members of the putative class, simply because Defendant has not filed an Answer in this case.

While the undersigned usually stipulates to short extensions as a matter of professional courtesy, here the Defendant is seeking an extension that, when added to the prior extension, could extinguish a full one sixth (1/6) of the putative class' claims in the instant matter. Therefore, Plaintiff's counsel made a very simple suggestion to Defendant's counsel, in light of the fact that the statute of limitations continues to run on FLSA plaintiffs until they file their consent to join. In an effort to accommodate Defendant, without unjustly prejudicing Plaintiff

and the putative class members, by having a full 1/6 of their claims extinguished, Plaintiff's counsel (again) requested that Defendant agree to toll the statute of limitations for potential class members during the enlargement period. In an effort to "have its cake and eat it too," however, Defendant (again) refused this request without consideration.

As noted previously, tolling arrangements are fairly common in FLSA cases. This is because it is well settled that "[f]aultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise." *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) (court granted equitable tolling for FLSA collective action); *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089 (D. Col. 2005) (in granting FLSA conditional certification, court tolled statute of limitations as of the date the plaintiffs filed the complaint); *see also Cisneros v. Jinny Beauty Supply Co.*, 2004 U.S. Dist. LEXIS 2094 (N.D. Ill. 2004) (tolling the statute of limitations in FLSA collective action). In fact, tolling is required to avoid the prejudice to potential class members whose claims may be extinguished based upon delay that is not their fault. *See supra.*

It is hard to fathom that not a single other lawyer from the U.S. Attorneys' office can investigate the allegations at issue and formulate a responsive pleading in less than sixty (60) days.[1] Indeed, Defendant has had the Complaint for the last eighty (80) days (including the prior extension) and articulates no reason for Defendant's failure/inability to investigate and respond to the Complaint during that time. Regardless, Plaintiff has suggested a compromise which permits Defendant its lengthy enlargement, and also protects the rights of putative class members. Defendant has rejected same. Thus, Plaintiff respectfully requests that this Court deny Defendant's Motion in part, and limit the requested enlargement to a period of one (1)

[1] Curiously, in correspondence with Defendant's counsel regarding the requested enlargement, lead counsel for Defendant copies another lawyer from the US Attorneys' office. Defendant fails to explain why this attorney cannot adequately prepare a timely response to Plaintiff's Complaint to move this case forward.

week. Alternatively, if this Court is inclined to permit the sixty (60) day enlargement, or an enlargement for a period exceeding one (1) week, Plaintiff respectfully requests that this Court exercise its authority to toll the statute of limitations, from the date of the first extension, in the interim, to avoid undue prejudice to potential class members.

Respectfully submitted this 23rd day of May 2008.

**/s RICHARD CELLER**
Richard Celler
FL Bar No.: 0173370
Trial Counsel for Plaintiff
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: rceller@forthepeople.com
*Admitted Pro Hac Vice*
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 23rd day of May 2008, using the CM/ECF system which I understand will send a true and correct copy of same to all parties/counsel of record.

**/s RICHARD CELLER**
Richard Celler