IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANYA GAYLE, on her behalf and others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-18C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO THE COMPLAINT

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1. The allegations contained in the second sentence of paragraph 1 are legal conclusions and characterizations of plaintiff's case, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

5. Admits the allegation that plaintiff Anya Gayle worked more than forty hours per week in performance of her duties and responsibilities on behalf of the United States with regard

to the plaintiff, Anya Gayle, to the extent supported by the time sheets attached as Exhibit 1, otherwise denies the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 that the records concerning the number of hours worked and amount paid to plaintiff are in possession and custody of the defendant; denies the remainder of the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 that "plaintiff's notice of consent to join was contemporaneously filed with this complaint." Avers that a notice of consent to join was filed on March 19, 2008 two months after the complaint was filed.

10. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

11. The allegations contained in the first sentence of paragraph 11 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied. Denies the allegations contained in the second and the third sentences of paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. The allegations contained in paragraph 12 are conclusions of law and

characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

14. Denies that the plaintiff is entitled to a jury trial in the United States Court of Federal Claims.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or qualified.

Wherefore, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch

Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

July 14, 2008

Attorneys for Defendant

**CERTIFICATE OF FILILNG**

I hereby certify that on the 14th day of July, 2008, a copy of the foregoing "Defendant's Answer To The Complaint" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David M. Hibey