IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANYA GAYLE, on her behalf and others similarly situated, | ) | |
| Plaintiff, | ) | No. 08-18C |
| | ) | (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby submit this joint preliminary status report.

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that the Court possesses jurisdiction to consider and decide this action pursuant to 5 U.S.C. § 8715; 28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1361; 28 U.S.C. § 1491; 28 U.S.C. §§ 2501, 2516 and 2517; and pursuant to the Fair Labors Standards Act (29 U.S.C. §216(b)). At this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **<u>Will a remand or suspension be sought?</u>**

Neither of the parties will seek remand or suspension.

f. **<u>Will additional parties be joined?</u>**

Plaintiff intends to file a motion for 216(b) notice pursuant to the FLSA and/or class certification pursuant to Rule 23 of the Fed. Rules Civ. Pro. Defendant will oppose.

g. **Does either party intend to file a dispositive motion pursuant to Rule <u>12(b), 12(c), or 56? And, if so, a schedule for the intended filing?</u>**

After discovery has been completed, the parties will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

h. **<u>What are the relevant issues?</u>**

1. Whether plaintiff worked in excess of 40 hours per work week without compensation of time and one half of her regular pay for each hour worked in excess of the 40 hour work week;

2. What damages, if any, plaintiff suffered as a result of the alleged failure to compensate the plaintiff for each hour worked in excess of the 40 hour work week.

i. **<u>What is the likelihood of settlement?</u>**

The parties have discussed settlement and will continue to explore settlement options as the parties conduct discovery.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to decide the issues in this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in Washington, D.C.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | October 21, 2008 |
| Close of Fact Discovery | April 4, 2009 |

Respectfully submitted,

s/ RICHARD B. CELLER
Richard Celler
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 318-0268
Fax: (954) 333-3515

Trial Counsel for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

September 4, 2008