UNITED STATES COURT OF FEDERAL CLAIMS

ANYA GAYLE, on her own behalf and
others similarly situated,

Plaintiff

v.

CASE NO.: 08-18C
(Judge Lettow)

UNITED STATES OF AMERICA,

**CLASS/COLLECTIVE ACTION**

Defendant.
_______________________________________/

# PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

Submitted by:

RICHARD CELLER
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (954) 318-0268
Fax: (954) 333-3515
Email: rceller@forthepeople.com

Attorney for Plaintiff

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES**........................................................................ ii

**PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW**........................................................................... 1

I. THE FLSA AUTHORIZES COLLECTIVE ACTIONS.................... 1

II. APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS........ 5

A. The Conditional Notice Standard is Lenient........................... 6

B. Plaintiff Demonstrates a Reasonable Basis For a Collective Action.......................................................... 7

C. Additional Similarly Situated Individuals Will Join The Lawsuit Once Provided Notice.......................................... 10

III. FACTORS IRRELEVANT TO THE COURT'S CONSIDERATION.. 11

A. The "Merits" of Plaintiff's Claim Are Not Considered When Determining Whether to Grant Notice............................ 11

B. Courts Do Not Consider the Need for Discovery During Stage I.......................................................................... 13

IV. PLAINTIFF'S NOTICE IS ACCURATE AND SHOULD BE POSTED AT ALL OF DEFENDANT'S LOCATIONS....................... 15

V. LIMITED DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE..... 15

CONCLUSION......................................................................... 16

# TABLE OF AUTHORITIES

**STATUTES**

29 U.S.C. § 216(b)........................................................................................ 1,5,6,7,8,12,14

Rule 23 of the Federal Rules of Civil Procedure............................................. 5,8

Rule 30of the Federal Rules of Civil Procedure.............................................. 8

Rule 42 of the Federal Rules of Civil Procedure.............................................. 8

**CASES**

*Barron v. Henry County Sch. Sys*., 242 F.Supp.2d 1096 (M.D. Ala.2003).......... 10,16

*Bradford v. Bed Bath & Beyond, Inc*., 184 F. Supp. 2d 1342 (N.D. Ga. 2002).... 8

*Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676 (D. Kan. 2004)............... 14

*Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) .. 8

*Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516 (D. Md. 2000)................ 14

*Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601 (S.D.Tex.2005).. 6

*Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005) .......... 3

*De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660 (E.D. Pa. 2001).................. 12

*Dietrich v. Liberty Square*, 230 F.R.D. 574 (N.D. Iowa 2005)......................... 3,16

*Dybach v. State of Florida, Department of Corrections,* 942 F .2d 1562 (11th Cir. 1991)... 6

*Gambo v. Lucent Technologies,* No. 05 C 3701, 2005 WL 3542485 (N.D.Ill.Dec.22, 2005).... 6

*Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164 (D. Kan. Jan. 10, 2006)..... 16

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) .......... 12

*Goldman v. Radioshack Corp.*, No. Civ.A. 2:03-CV-032, 2003 WL 21250571 (E.D.Pa. Apr. 16, 2003)............. 12,14

*Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996) ............. 7,8,11

*Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. 2006)...... 3,9

*Harrison v. Enterprise Rent-A-Car Co.*, 1998 U.S. Dist. LEXIS 13131 (July 1, 1998)........... 13

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F .3d 1208 (11th Cir. 2001) ........... 6

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)........... 9

*Hoffman- La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)............ 5,15,16

*Holt v. Rite Aid Corp*., 333 F. Supp. 2d 1265 (M.D. Ala. 2004)..... 8

*Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957 (N.D. Tex. 1982)...................... 15

*Kreher v. City of Atlanta*, 2006 WL 739572 (N.D. Ga. Mar. 20, 2006) ............ 9,12

*Leuthold v. Destination Am.*, 224 F.R.D. 462 (N.D. Cal. 2004)................. 7,12

*Lloredo v. Radioshack Corp.*, 2005 WL 1156030 (S.D. Fla. May 12, 2005) ............. 13

*Mike v. Safeco Insurance Co. of America*, 274 F.Supp.2d 216 (D. Conn.2003)......... 6

*Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207 (1959)................ 10

Mooney v. Aramco Services Co., 54 F.3d 1207 (5th Cir.1995).......... 6

*Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W. D. Wash. June 22, 2006) .............. 15

*Moss v. Crawford & Co.*, 201 F.R.D. 398 (W.D. Pa. 2000) ................. 14

*Pendelbury v. Starbucks Coffee Co.*, 2005 WL 84500 (S.D. Fla. Jan. 3, 2005) ............. 7,14

*Prickett v. Dekalb County*, 349 F.3d 1294 (11th Cir. 2003)............. 11,16

*Reab v. Electronic Arts, Inc.*, 2002 WL 320769510 (D. Col. 2002)............. 10

*Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y.1998)........... 6

*Reyes v. Carnival Corp.*, 2005 WL 4891058 (S.D. Fla. 2005)................ 9

*Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E. D. Cal. Apr. 19, 2006) ........ 15

*Schwed v. Gen. Elec. Co.*, 159 F.R.D 373 (N.D.N.Y. 1995) .................. 13

*Scott v. Heartland Home Finance*, 2006 WL 1209813 (N. D. Ga. May 3, 2006)......... 14

*Severtson v. Phillips Beverage Co.*, 141 F.R.D 276 (D. Minn. 1992)............ 14

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir.2001)............ 6

Thiebes v. Wal-Mart Stores, Inc. 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999)...... 9

*Veliz v. Cintas Corp.*, 2004 WL 2623909 (N.D. Cal. Nov. 12, 2004) ......... 15

*White v. Osmose*, 204 F. Supp. 2d 1309 (M.D. Ala. 2002)................ 8

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............... 12

UNITED STATES COURT OF FEDERAL CLAIMS

ANYA GAYLE, on her own behalf and
others similarly situated,

Plaintiff

vi.

CASE NO.: 08-18C
(Judge Lettow)

UNITED STATES OF AMERICA,

**CLASS/COLLECTIVE ACTION**

Defendant.
_______________________________________/

**PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ANYA GALE ("Plaintiff"), respectfully requests the entry of an Order permitting, under court supervision, notice to all hourly paid "per diem" nurses employed by the United States at any Veterans Affairs medical facility who were paid "straight time" or their regular hourly rate for hours worked over forty (40) in one or more workweeks during the applicable three (3) year limitation period as opposed to the time and one-half overtime to which they are/were due under the FLSA.

## I. THE FLSA AUTHORIZES COLLECTIVE ACTIONS

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). Specifically, the FLSA provides, in part, that:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of them self or themselves and other similarly situated. ***No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.***

*See id*. (emphasis added).

As part of its ongoing duties and responsibilities, the Department of Veteran Affairs ("VA" or "Defendant") provides, among other things medical treatment and care to the Veterans of this country. *See* Excerpts from Department of Veterans Affairs website attached as **Exhibit 1**. To facilitate this medical treatment and care and to accommodate the substantial need for this type of services, the VA hired, and continues to hire, hourly paid "per diem" nurses at its facilities throughout the country. *See* Declaration of Anya Gayle at ¶¶3 and 4, attached as **Exhibit 2**. As hourly paid "per diem" nurses, Plaintiff, and the other putative class members, were responsible for providing the typical medical services commonly administered in private medical facilities. *See id.* at ¶5. To that end, these hourly paid "per diem" nurses were responsible for, among other things, patient care and supervision, monitoring vital signs of VA patients, assisting VA doctors where necessary, and dispensing medication to patients. *See id.* at ¶5. Because of the nature of the work involved, and the consistent understaffing at VA medical facilities, Plaintiff, and the putative class members, regularly worked more than forty (40) hours per week. *See id.* at ¶7. Instead of being paid time and one half her hourly rate of pay for every hour worked as required by the Fair Labor Standards Act ("FLSA"), however, Plaintiff, and her fellow class members simply received "straight time" or her regular hourly rate of pay for all hours worked. Defendant subjected all hourly paid "per diem" nurses at its medical facilities around the country to this common policy and procedure in violation of the FLSA. *See id.* at ¶8.

Plaintiff knows that her claim is typical of the claims of other former and current salaried hourly paid "per diem" nurses employed by Defendant, and typical of the claims of all members of the representative class identified. *See id.* at ¶¶11-13. The representative class consists of any individual who was an hourly paid "per diem" nurse at any Veterans Affairs medical facility, and who was subjected to Defendant's unlawful pay policy and practices of paying "straight time"

for hours worked over forty (40) in one or more workweeks during the applicable three (3) year limitation period as opposed to the time and one-half overtime to which they are/were due under the FLSA. To date, and prior to any court notice being issued, the named Plaintiff has joined the case and at least two other similarly situated individuals have indicated their interest in joining the case as well, once the Court grants notice. *See* Exhibit 2. This participation alone is enough to satisfy the inquiry as to whether others "desire to join." *See Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005) (two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (declarations provide appropriate support for conditional certification).[1] Importantly, these individuals have indicated their interest in joining the lawsuit.

Defendant's unlawful compensation policy and practice toward the defined class of hourly paid "per diem" nurses is nation-wide, thereby warranting certification in all areas that Defendant has a presence. *See* Declaration at Exhibit 2.

Based upon the record evidence before this Court pre-notice, Plaintiff has demonstrated that all of the hourly paid "per diem" nurses employed by Defendant are "similarly situated" because: (a) they all had the same title; (b) they were all paid on an hourly and "per diem" basis; (c) they regularly worked more than forty (40) hours in a workweek; and (d) they were impermissibly paid "straight time" or their regular hourly rate for all overtime hours worked instead of time and one half as required by the FLSA. Simply put, all other hourly paid "per diem" nurses within the defined class are owed full and proper payment of overtime wages and

[1] In another case, United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. 2006).

the right to participate in this litigation. It is undisputed that Defendant has acted, or refused to act, on grounds applicable to all hourly paid "per diem" nurses in the defined class by failing to pay them full and proper overtime, thereby making the identical relief appropriate with respect to their current and former hourly paid "per diem" nurses within the defined class as a whole. Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendant. And, although the defined class of current and former salaried hourly paid "per diem" nurses is identified and certain, the individual members of the class cannot be completely identified and notified of their right to join this action absent access to Defendant's books and records.

Defendant's above compensation policy and practice (failure to pay proper overtime) is common to all hourly paid "per diem" nurses in the defined class. Moreover, these common policies and procedures violate the FLSA's overtime provisions requiring the payment of time and one half overtime compensation for each hour worked over forty (40) in a workweek. That is, because Defendant failed to pay their hourly paid "per diem" nurses time and one half for each hour of overtime worked, such compensation practices have adversely affected the rights of each member of this collective action. Therefore, Plaintiff seeks this Court's authorization to facilitate notice to each of Defendant's hourly paid "per diem" nurses in the defined class who were subjected to the illegal pay practice described above at any time within the last three (3) years at any of Defendant's medical facilities.

Plaintiff further requests that she be permitted to give such notice as approved by this Court to all such class members of their rights to opt-in to this litigation by executing an

appropriate consent as required by Section 216(b) of the FLSA. Plaintiff's Declaration, clearly establishes that Defendant's other hourly paid "per diem" nurses in the defined class had identical duties, were paid in the same manner (i.e., straight time for all hours worked), and thus, were subjected to Defendant's illegal pay practice described above.

## II. APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

FLSA class actions operate differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.* Conversely, in traditional Rule 23 class actions a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out."

In *Hoffman- La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court ruled that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, but that this authority also included sending court-authorized consent forms to potential plaintiffs. *See id.* There, the Court addressed the issue of whether the district court may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *See id.* The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *See id.* at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *See id.*

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *See id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *See id.* at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b), "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.* at 486.

In *Dybach v. State of Florida, Department of Corrections*, 942 F .2d 1562 (11th Cir. 1991), the Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks. *See id.* The Eleventh Circuit also held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Id.*

**A. <u>The Conditional Notice Standard is Lenient</u>**

Courts generally utilize a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *See e.g., Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001) *see also Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir.1995); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir.2001)(describing two-step method and affirming district court's use of it); *Gambo v. Lucent Technologies,* No. 05 C 3701, 2005 WL 3542485 (N.D.Ill.Dec.22, 2005); *Clarke v. Convergys Customer Management Group, Inc.,* 370 F.Supp.2d 601 (S.D.Tex.2005); *Mike v. Safeco Insurance Co. of America*, 274 F.Supp.2d 216 (D. Conn.2003); *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y.1998). Under this

two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. During Stage I notice proceedings, "[p]laintiffs need show only that their positions are similar, **not identical,** to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations committed)(emphasis added).

Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *See Healthcare Servs., Inc.*, 347 F.3d 1240 11th Cir. 2003)*; see also Pendelbury v. Starbucks Coffee Co.*, 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (citing *Hipp*, 252 F.3d at 1218). Moreover, allowing plaintiffs and the putative class members to first proceed through notice and discovery is contemplated by the two tier approach. *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) ("The two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class. This is evident from the methods usually employed to decide the issues raised by the two tiers.").

**B. Plaintiff Demonstrates a Reasonable Basis for a Collective Action**

For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff must only demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices. To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F. 3d at 1217. *see also*, *Pendlebury*, 2005 U.S. Dist. LEXIS 574, at *8-10

(store managers from two (2) Starbucks' locations in Broward County, Florida granted right to send notice to all similarly situated store managers **across the United States** who may have been misclassified as "exempt"). The "similarly situated" requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance). *Hipp*, 252 F. 3d at 1219; *see also, Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002). A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219

There are questions of law or fact common to Defendant's other hourly paid "per diem" nurses and the claims of the named Plaintiff in the instant matter. Indeed, Plaintiff's claims are typical of the claims of the other individuals in her position. For conditional certification to be granted in cases arising under the FLSA, there is no requirement of "strict symmetry" or "absolute identity." Rather, all that is required is a "reasonable basis." *Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) (citing, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)); *see also, Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations, supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.").

While Plaintiff has this burden, her burden is "not heavy," and may be met by making substantial class-wide allegations, "that is, detailed allegations supported by affidavits which

successfully engage [d]efendant's affidavits to the contrary." *Id.* at 1096-97 (internal quotations omitted); *Hipp*, 252 F.3d at 1218-19. Further, "courts have held that Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA).

As indicated above and in the attached Declaration, Plaintiff more than meets her burden to facilitate notice. Here, Defendant employed similarly situated hourly paid "per diem" nurses in the defined class throughout its locations. *See* Declaration at Exhibit 2 ¶11. To that end, Defendant employs and/or employed hundreds of hourly paid "per diem" nurses in the defined class, all of whom were/are subjected to Defendant's unlawful compensation practice of failing to pay time and one half overtime compensation for overtime hours worked. *See* Exhibit 2 at ¶11. During different times over the last three (3) years, each of these individuals worked as an hourly paid "per diem" nurse. *See* Declaration at Exhibit 2 at ¶11. Moreover, these hourly paid "per diem" nurses" regularly worked more than forty (40) hours per work week. *See id.* at ¶ 7.

Indeed, in the instant case, Plaintiff has presented equivalent evidence to what other district courts have deemed sufficient for conditional certification of an FLSA collective action. *See Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. 2006) (conditional certification of an FLSA collective action granted based upon two affidavits – that of the single named plaintiff and one opt-in plaintiff); *Reyes v. Carnival Corp.*, 2005 WL 4891058 (S.D. Fla. 2005) (named plaintiff's affidavit, in combination with the two opt-in

plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *see also, Reese, supra* (affidavit of one named plaintiff and three opt-in plaintiffs, coupled with one prior lawsuit against the same defendants for the same overtime violations, sufficient for conditional certification of an FLSA collective action).

Based upon the Complaint allegations and the above-referenced Declaration, Plaintiff satisfies the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to Plaintiff exist.

### C. Additional Similarly Situated Individuals Will Join the Lawsuit Once Provided Notice

Plaintiff demonstrated that the other similarly situated hourly paid "per diem" nurses would join in the case if provided notice. The United States Supreme Court has emphasized that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction. *Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207, 211 (1959). With this in mind, it is reasonable to assume that where, as here, there are similarly situated employees with the same job titles of hourly paid "per diem" nurses and who all allegedly experienced the same FLSA violations (Defendant's failure to pay time and one half overtime), that potential class members would opt-in to the lawsuit if given notice of it. *Reab v. Electronic Arts, Inc.*, 2002 WL 320769510 at * 6 (D. Col. 2002). Similarly, district courts have agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

As of the filing of this Motion, an additional similarly situated representative learned of this action prior to any Court notice being issued, and has opted-in to this case. This alone demonstrates that others desire to join, if given notice of this matter. Based upon the Declaration

from the named Plaintiff and the other Opt-In Plaintiff, as well as the consent forms filed with this Court, Plaintiff establishes the specific facts demonstrating other employees are interested in opting in. *See Grayson v. K-Mart Corp.*, 79 F. 3d 1086, 1097 (11th Cir. 1996). In addition, allowing class notification to a potential class this large will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003).

Thus, a collective action is sought as the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all class members who worked for Defendant predominate over any questions affecting only individual members. Hence, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Accordingly, Plaintiff seeks Court authorization to provide: (1) the proposed "Notification" letter, attached as **Exhibit 3,** to be sent to all similarly situated employees; and (2) the proposed "Notice of Consent to Join" form, attached as **Exhibit 4,** which similarly situated employees can complete, sign, and file with the Court.

## III. FACTORS IRRELEVANT TO THE COURT'S CONSIDERATION

### A. The "Merits" of Plaintiff's Claim Are Not Considered When Determining Whether to Grant Notice

Plaintiff anticipates Defendant will argue notice should not proceed based upon the only possible defense it may have to this action - that Plaintiff and her co-employees are somehow not subject to the overtime requirements of the Fair Labor Standards Act. Although Plaintiff believes this defense will ultimately fail based upon the facts that will emerge during discovery, such an argument regarding the factual nature of Plaintiff's claims and Defendant's defenses

thereto are irrelevant at this stage of the notification process. At this "conditional certification" stage, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta,* 2006 WL 7398272, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated"); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . ..").

In *Kreher,* the court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature, as the defendant suggested. *See id.* at 2006 WL 7398272, at * 4. As such, the *Kreher* court concluded that although the plaintiffs' declaration lacked some details, they established the existence of other employees employed in similar positions and subject to similar policies, warranting the court's decision to grant the plaintiffs' motion under the "fairly lenient standard" applied in the Eleventh Circuit. *Id.* at *4; *see also Leuthold v. Destination America,* 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.,* No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D.Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660, 663

(E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."). Thus, setting Defendant's anticipated factual/legal arguments aside for purposes of Plaintiff's Stage I Motion, Plaintiff clearly has met his burden of proof on the "similarly situated" prong under *Hipp.*

**B. <u>Courts Do Not Consider the Need for Discovery During Stage I</u>**

Courts around the county have consistently recognized that discovery at the first notice stage is unnecessary for the similarly situated determination. *See Grayson,* 79 F. 3d at 1099 (holding that a district court *may*, but is not required to hold an evidentiary hearing prior to making its section 216(b) decision particularly where the Defendant's rights are not substantially affected) (emphasis added in original); *Lloredo v. Radioshack Corp.*, 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see also Harrison v. Enterprise Rent-A-Car Co.*, 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the fact that subsequent discovery may prove the original plaintiffs and the opt-in plaintiffs are not after all "similarly situated" does not defeat conditional class certification); *Schwed v. Gen. Elec. Co.*, 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]").

An examination of discovery is not appropriate at this stage because the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated." *See Pendelbury,* at *3 (stating that a factual determination of the similarly situated

question is not appropriate at this time because of the early stages of the litigation); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman v. Radioshack Corp.*, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.").

Moreover, discovery is not necessary because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance*, 2006 WL 1209813, at *3 (N. D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.*, 141 F.R.D 276, 279 (D. Minn. 1992)); *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). In *Scott*, the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider the Defendant's arguments regarding the variation in specific job duties, locations, working hours, or the availability of various exemptions. 2006 WL 1209813, at *3; (*citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.*, 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

Through the allegations in the Complaint, and the declaration submitted to this Court, Plaintiff has provided sufficient evidence to warrant notice of this lawsuit be sent to all other salaried hourly paid "per diem" nurses for Defendant around the country. Because the

"similarly situated" determination at the notice stage is preliminary, Defendant will not be prejudiced by the facilitation of notice because they can later argue that Plaintiff and the putative class members are not in fact "similarly situated" enough to proceed collectively to trial. Accordingly, Plaintiff's Stage I Motion should be granted at this time.

## IV. PLAINTIFF'S NOTICE IS ACCURATE AND SHOULD BE POSTED AT ALL OF DEFENDANT'S LOCATIONS

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted. Plaintiff also requests that in addition to permitting Plaintiff to notify the potential class members by mail, this notice be posted at each of Defendant's locations at which hourly paid "per diem" nurses are employed to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E. D. Cal. Apr. 19, 2006 ) (finding that first class mail, combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.,* 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

## V. LIMITED DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W. D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was

pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffmann-La Roche*, 493 U.S. at 165; *see also Dietrich v. Liberty Square*, 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).[2] Thus, if this Court grants Plaintiff's Motion, the Court should likewise order Defendant to provide Plaintiff with a list of all putative class members' names and addresses to carry out notice.

## CONCLUSION

In light of the broad remedial provisions of the FLSA, *see, e.g., Prickett v. DeKalb County*, 349 F.3d 1294, 1296-97 (11th Cir. 2003) (citations omitted), coupled with the lenient standard for conditional certification, Plaintiff's allegations and Declaration, along with all of the additional evidence of record are more than sufficient to satisfy Plaintiff's relatively light burden of showing this Court that "there are [similarly situated] persons . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

WHEREFORE, Plaintiff respectfully requests that this Court conditionally certify this case as a collective action, and permit and supervise notice to all current and former salaried hourly paid "per diem" nurses in the defined class who did not receive full and proper payment of time-and-a-half wages for all overtime hours worked for Defendant.

[2] The names and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and former "hourly paid "per diem" nurses are critical fact witnesses to this lawsuit. *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Barton v. The Pantry, Inc.*, 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiffs' co-workers prior to conditional certification).

**CERTIFICATE OF GOOD FAITH**

Plaintiffs' counsel conferred with Defendant's counsel pursuant to the local rules in a good faith effort to resolve this Motion prior to its filing, but the parties were unable to resolve same.

Respectfully submitted this 10th day of September 2008.

**s/ RICHARD CELLER**
Richard Celler, Esquire
Florida Bar No.: 173370
E-mail: RCeller@forthepeople.com
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (954) 318-0268
Facsimile: (954) 333-3515

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on September 10, 2008, which I understand will send notice to all counsel of record on this date.

**s/ RICHARD CELLER**
Richard Celler, Esquire